UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMI-LYN BUTTO,

                                                  Plaintiff,

                      - against –

CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY DEPARTMENT OF TRANSPORTATION STATEN ISLAND FERRY, POLLY TROTTENBERG, *in her official capacity as commissioner*, AND HENRY FEENEY, *as an aider and abettor*,

                                             Defendants.

**COMPLAINT**

Case No.:

**JURY TRIAL DEMANDED**

---

Plaintiff, **JAMI-LYN BUTTO** (*hereinafter* referred to as "Plaintiff"), by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, **JAMI-LYN BUTTO**, bring this action to recover monetary, declaratory, and affirmative relief based upon the violations of the following: Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e, et seq. (*hereinafter* "Title VII"); New York State Human Rights Law (*hereinafter* "NYSHRL"), as codified in Article 15 of the Executive Law (Chapter 18) of the State of New York; the New York City Human Rights Law, NYC Administrative Code § 8-107, et seq. (*hereinafter* "NYCHRL"); and other appropriate statutes, regulations, rules, and ordinances, committed by Defendants', **CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY STATEN ISLAND FERRY, POLLY TROTTENBERG, AND HENRY FEENEY.**

## II. JURISDICTION AND VENUE

2. This Court maintains jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

3. This Court maintains jurisdiction over Plaintiff's state and local claims, pursuant to 28 U.S.C. § 1367.

4. This Court has the power to declare the rights and other legal relations, along with other necessary or proper relief based upon a declaratory judgment or decree, whether or not further relief is or could be sought, which shall have the force and effect of a final judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The claims set forth hereto are properly brought in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Plaintiff resides in Suffolk County, New York

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commissions (*hereinafter* "EEOC") on or about December 21, 2016.

7. Plaintiff's EEOC charge number is: 520-2017-01079.

8. Plaintiff brings this action within ninety (90) days of receiving a Notice of Right to Sue, issued by the United States Department of Justice Civil Rights Division on August 31, 2017. *See* Exhibit 1.

## III. PARTIES

9. Plaintiff resides in Suffolk County, New York.

10. Plaintiff is female.

11. Plaintiff is a member of a protected class.

12. At all times relevant herein, Plaintiff has been a "person" within the meaning of 42 U.S.C. § 2000e(a), NYSHRL § 292(1), and NYCHRL § 8-102(1).

13. Upon information and belief, Defendant **CITY OF NEW YORK** (*hereinafter* "Defendant City"), is a domestic corporation operating in Queens County at 74-15 Northern Boulevard, Jackson Heights, New York 11372.

14. Upon information and belief, Defendant **THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION** (*hereinafter* "Defendant DOT"), is an agency of Defendant City.

15. Upon information and belief, Defendant **NEW YORK CITY DEPARTMENT OF TRANSPORTATION STATEN ISLAND FERRY** (*hereinafter* "Defendant Staten Island Ferry"), is an agency or subdivision of Defendant City.

16. At all times relevant herein, Defendant **POLLY TROTTENBERG** (*hereinafter* "Defendant Trottenberg) has been a "person" within the meaning of 42 U.S.C. § 2000e(a), NYSHRL § 292(1), and NYCHRL § 8-102(1).

17. At all times relevant herein, Defendant **HENRY FEENEY** (*hereinafter* "Defendant Feeney") has been a "person" within the meaning of 42 U.S.C. § 2000e(a), NYSHRL § 292(1), and NYCHRL § 8-102(1).

18. At all times relevant herein, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f), and NYSHRL § 292(6).

19. At all times relevant herein, Defendant City was an "employer" within the meaning of 42 U.S.C. § 2000e(b), NYSHRL § 292(5), and NYCHRL § 8-102(5).

20. At all times relevant herein, Defendant DOT was an "employer" within the meaning of 42 U.S.C. § 2000e(b), NYSHRL § 292(5), and NYCHRL § 8-102(5).

21. At all times relevant herein, Defendant Staten Island Ferry was an "employer" within the meaning of 42 U.S.C. § 2000e(b), NYSHRL § 292(5), and NYCHRL § 8-102(5).

22. At all times relevant herein, Defendant City employs more than fifteen (15) persons as the term is defined by 42 U.S.C. § 2000e(b).

23. At all times relevant herein, Defendant Trottenberg was the Commissioner of the Defendant DOT.

24. At all times relevant herein, Defendant Trottenberg was an "employer" within the meaning of 42 U.S.C. § 2000e(f), and NYSHRL § 292(6).

25. At all times relevant herein, Defendant Feeney was a Captain of Defendant Staten Island Ferry.

26. At all times relevant herein, Defendant Feeney was an "employee" within the meaning of 42 U.S.C. § 2000e(f), and NYSHRL § 292(6).

27. Defendant Feeney is being sued in his individual capacity as an aider and abettor under NYSHRL § 296(6).

### IV.   FACTUAL ALLEGATIONS

28. Plaintiff repeats and realleges each and every allegation contained herein.

29. On or about February 10, 2014, Plaintiff began her employment with Defendants, working for Defendant Staten Island Ferry

30. Plaintiff was hired as a "mate" with Defendant Staten Island Ferry, on or about February 10, 2014.

31. Plaintiffs duties as a mate, included, but were not limited to, aiding in navigation, supervising deckhands, monitoring passengers, assisting in emergency responses, assisting with startup duties in the morning, making radio calls and completing shutdown duties.

32. Plaintiff was employed in her capacity as a "mate" until her termination on or about March 4, 2016.

33. At the time of her termination, at the time of Plaintiff's termination, there were approximately sixty (60) to seventy (70) mates actively employed by Defendant Staten Island Ferry. Of the sixty (60) to seventy (70) mates, Plaintiff was the only woman.

34. Throughout Plaintiff's tenure, she consistently performed the essential functions of her position in a satisfactory manner.

35. Plaintiff received a "Bravo Zulu" award commending her on her service in or about February, 2015.

36. In March, 2015, Plaintiff received an award for women employed in transportation roles in recognition of Women's History Month.

37. Despite her satisfactory performance, Defendants discriminated against Plaintiff because of her sex.

38. The earlier stages of discriminatory treatment occurred when Plaintiff was repeatedly belittled in front of her co-workers and passengers with sex-based comments. Examples of unlawful discrimination and retaliation to which she was subjected include, but are not limited to the following:

39. Specifically, in or about August 2015, Assistant Captain Kevin Busselmeir, stated Plaintiff was playing "baby games" and insinuated that she sought preferential treatment because she is a woman.

40. Subsequently, Plaintiff complained to EEO Union Liaison, Captain Brian McClanahan, about Mr. Busselmeir's comments.

41. Despite her complaint, no corrective action was taken, and Plaintiff remained the subject of discriminatory treatment and harassment.

42. In or about September 2015, Plaintiff's supervisor, Captain Henry Feeney made specific sexist comments about women. Specifically, during one of her shifts, Captain Feeney referenced that Plaintiff was a poor driver, as a result of being a woman. This occurred when Captain Feeney told Plaintiff, "you will probably kill someone, even by women's standards."

43. On December 6, 2015, Plaintiff left her shift early after having previously received permission to do so from Captain Feeney. Plaintiff took all appropriate measures to utilize her accrued time off to leave early. Plaintiff sought and received permission to leave early from Captain Feeney.

44. However, despite receiving prior approval to do so, on December 7, 2015, Mr. Feeney approached Plaintiff at the beginning of her shift and angrily accused her of leaving early without receipt of his permission. When Plaintiff informed Captain Feeney that he had given her permission the week prior, he responded by stating, "what do I look like, a fucking idiot? Don't call me Captain, you can call me fucking supervisor because that's what I am to you."

45. Captain Feeney further commented that "I could only imagine the drama that you would have caused had you not been able to go to your Christmas party."

46. That same day, Plaintiff was informed by Mate Joe Mantilla, that Captain Feeney ordered that she was not permitted to stand her navigational watches in the wheelhouse. This interfered Plaintiff's ability to perform her typical job functions.

47. After her interaction with Captain Feeney on December 7, 2015, Plaintiff complained to Captain McClanahan about his remarks and his subsequent order restricting her from the

wheelhouse. Plaintiff further advised she was considering consulting with an attorney to take legal action.

48. Following Plaintiff's conversation with Captain McClanahan, Captain Feeney began to retaliate against Plaintiff for exercising her right to complain about her treatment.

49. In or about December, 2015, while in the presence of Plaintiff and other employees, Captain Feeney stated, "I can't talk because I don't know who's going to sue me here".

50. Later in December, 2015, during a meeting with all officer crew, Captain Feeney warned "another female had issues with me, and it didn't go well for her."

51. Subsequently, in or about, December, 2015, Plaintiff once again contacted Captain McClanahan to complain about Captain Feeney's remarks. Captain McClanahan asked what relief Plaintiff was seeking. Plaintiff advised that she wanted the hostility to cease, and that she wished to be treated in the same manner as the other mates. Captain McClanahan informed Plaintiff that "she was pulling for straws."

52. Upon information and belief, no corrective action was taken with regard to Captain Feeney and/or his comments.

53. In or around January 2016, Plaintiff was awarded a rotational shift after applying for its open posting.

54. In or about February 2016, Plaintiff began a two-week assignment working under Captain McClanahan.

55. Almost immediately, Plaintiff was met with hostility from Captain McClanahan.

56. On or about February 17, 2016, Plaintiff spoke with an EEO representative regarding the discriminatory and retaliatory treatment she had suffered in the preceding months.

57. On or about March 4, 2016, Plaintiff was informed by Defendants that her employment was terminated.

58. Following Plaintiff's termination, on or about March 7, 2016, Defendants filled her position with a male employee.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### [Title VII- Sex Discrimination]

59. Plaintiff repeats and realleges each and every allegation contained herein.

60. Plaintiff has been discriminated against by Defendants because of her sex, in that Defendants engaged in a course of conduct, as stated above, which resulted in the termination of Plaintiff's employment.

61. Furthermore, Defendants subjected Plaintiff to a hostile work environment.

62. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

63. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

64. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

65. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### [NYSHRL - Sex Discrimination]

66. Plaintiff repeats and realleges each and every allegation contained herein.

67. Plaintiff has been discriminated against by Defendants because of her sex, in that Defendants engaged in a course of conduct, as stated above, which resulted in the termination of Plaintiff's employment.

68. Furthermore, Defendants subjected Plaintiff to a hostile work environment.

69. As a proximate result of Defendants' discrimination, Plaintiffs has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

70. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

71. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

72. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, and compensatory damages, along with costs and disbursements, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### [NYCHRL - Gender Discrimination]

73. Plaintiff repeats and realleges each and every allegation contained herein.

74. Plaintiff has been discriminated against by Defendants because of her gender, in that Defendants engaged in a course of conduct, as stated above, which resulted in the termination of Plaintiff's employment.

75. Furthermore, Defendants subjected Plaintiff to a hostile work environment.

76. As a proximate result of Defendants' discrimination, Plaintiffs has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

77. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

78. Defendants' conduct was done in conscious disregard of Plaintiff's rights.

79. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### [Title VII – Retaliation]

80. Plaintiff repeats and realleges each and every allegation contained herein.

81. Defendants retaliated against Plaintiff because she engaged in statutorily protected activity; i.e., her complaints regarding acts of sex discrimination to which she was subjected, as stated above, which resulted in her being subject to a hostile work environment and ultimately terminated.

82. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to her damage in an amount to be determined at trial.

83. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

84. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### [NYSHRL – Retaliation]

85. Plaintiff repeats and realleges each and every allegation contained herein.

86. Defendants retaliated against Plaintiff because she engaged in statutorily protected activity; i.e., her complaints regarding acts of sex discrimination to which she was subjected, as stated above, which resulted in her being subject to a hostile work environment and ultimately terminated.

87. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to her damage in an amount to be determined at trial.

88. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

89. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, and compensatory damages, along with costs and disbursements in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### [NYCHRL – Retaliation]

90. Plaintiff repeats and realleges each and every allegation contained herein.

91. Defendants retaliated against Plaintiff because she engaged in statutorily protected activity; i.e., her complaints regarding acts of sex discrimination to which she was subjected, as stated above, which resulted in her being subject to a hostile work environment and ultimately terminated.

92. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to her damage in an amount to be determined at trial.

93. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages.

94. Plaintiff is entitled to equitable and injunctive relief, an award of back pay, front pay, compensatory, and punitive damages, along with costs, disbursements, and attorneys' fees in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### [NYSHRL - Aider and Abettor - Feeney]

95. Plaintiff repeats and realleges each and every allegation contained herein.

96. The foregoing acts pleaded above were aided and abetted by Defendant Feeney in violation of NYSHRL § 296 (6).

97. As a proximate result of Defendant Feeney's actions, Plaintiff has suffered and continue to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's respective measure of damages in an amount to be determined at trial.

98. As a further proximate result of Defendant Feeney's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### [NYCHRL - Aider and Abettor - Feeney]

99. Plaintiff repeat and reallege each and every allegation contained herein.

100. The foregoing acts pleaded above were aided and abetted by Defendant Feeney in violation of NYCHRL § 8-107(6).

101. As a proximate result of Defendant Feeney's actions, Plaintiff has suffered and continue to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's respective measure of damages, including punitive damages and attorney's fees in an amount to be determined at trial.

102. As a further proximate result of Defendant Feeney's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage, in an amount to be determined at trial.

## VI.   DEMAND FOR JURY TRIAL

103. Plaintiff repeats and realleges each and every allegation contained herein.

104. Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 (b).

## VII.   PRAYER FOR RELIEF

105. **WHEREFORE**, upon the forgoing facts, Plaintiff prays for the following relief:

   a.  awarding Plaintiff actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

   b.  awarding punitive damages where allowed by statute;

   c.  awarding attorneys' fees where allowed by statute;

   d.  directing Defendants to pay Plaintiff pre and post judgment interest to the extent permitted by statute;

e.   awarding Plaintiff costs and disbursements of this actions, including reasonable attorneys' fees;

f.   declaring Defendants' actions against Plaintiff as unlawful;

g.   reinstating Plaintiff to her position with accrued benefits and seniority;

h.   enjoining the continuance by Defendants' illegal acts and practices alleged above; and

i.   granting Plaintiff such other and further relief the court deems just and proper.

Dated:  Bohemia, New York
        September 25, 2017

**ZABELL & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*

By: _____
SAUL D. ZABELL, ESQ.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax (631) 563-7475
szabell@laborlawsny.com

14